IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON JAMES and ROBERT LUGINBILL ) on Behalf of Themselves and All Others ) Similarly Situated, ) | Class Action |
| Plaintiffs, ) | |
| vs. ) | CAUSE NO. 1:25-cv-1443 |
| LEADER FREIGHT SYSTEMS, INC., ) DANILO TOSIC and FILIP MILIVOJEVIC, ) | |
| Defendants. ) | |

**AMENDED COMPLAINT FOR DAMAGES**

This is a Class Action brought on behalf of all former and current truck drivers who worked for Defendants, Leader Freight Systems, Inc. ("LFS"), Danilo Tosic and Filip Milivojevic ("the Class").

**I. Parties**

1. Each member of the Class and is or was a truck driver who worked for LFS and Mr. Tosic at all times relevant to this action.

2. Plaintiff, Mr. James, is a resident of Woodville, Mississippi.

3. Plaintiff, Mr. Luginbill, is a resident of Columbia, Missouri.

4. Defendant, LFS, is an incorporated company that is headquartered in Indianapolis, Indiana.

5. Defendant, Mr. Tosic, is a shareholder of LFS.

6. Mr. Tosic is an officer of LFS.

7. Defendant, Mr. Milivojevic, is a shareholder of LFS.

9. Mr. Milivojevic is an officer of LFS.

10. Mr. Tosic determines, at least in part, the compensation of the truck drivers of LFS.

11. Mr. Milivojevic determines, at least in part, the compensation of the truck drivers of LFS.

## II. Jurisdiction and Venue

12. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiffs bring this action to enforce their rights under the FLSA, as allowed by 29 U.S.C. §216.

13. This court has jurisdiction to hear these state claims pursuant to the court's supplement jurisdiction under 28 U.S.C. §1367.

14. Venue in the Southern District of Indiana, Indianapolis Division, is appropriate by virtue of Defendants doing business in this District.

## III. Class Action Allegations

15. Plaintiffs bring this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as a truck driver for LFS, Mr. Tosic and Mr. Milivojevic.

16. Plaintiffs bring this case as a class action pursuant to Rule 23 on behalf of a class consisting of all similarly situated persons who are or were employed as truck drivers for LFS, Mr. Tosic and Mr. Milivojevic who had monies deducted from their wages in violation of the Wage Deduction Statute.

17. The members of the Class Action are or were truck drivers of LFS, Mr. Tosic and Mr. Milivojevic.

18. The members of the Class Action did not sign assignments permitting the deduction of escrow monies from their wages.

19. The members of the Class Action did not sign assignments permitting the deduction of monies from their wages.

20. The members of the Class Action had monies deducted from their wages for escrow.

21. The members of the Class Action had monies deducted from their wages for fines or penalties.

22. The members of the Class Action had monies deducted from their wages in violation of Indiana's Wage Deduction Statute.

23. The members of the Class Action had monies deducted from their wages for reasons not permitted by Indiana law.

24. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. The names, e-mail addresses, home addresses, and relevant documentation of members of the Class Action should be in the business records of Defendants. Notice may be provided to members of the Class Action or their personal representatives via first class mail and/or e-mail using techniques and a form of notice similar to those customarily used in class and collective actions.

## IV. Factual Allegations

25. Mr. James was an employee of LFS.

26. Mr. Luginbill was an employee of LFS.

27. Mr. James was an employee of Mr. Tosic.

28. Mr. Luginbill was an employee of Mr. Tosic.

29. Mr. James was an employee of Mr. Milivojevic.

30. Mr. Luginbill was an employee of Mr. Milivojevic.

31. Mr. James began working for Defendants on July 12, 2023.

32. Mr. James was paid by the mile.

33. LFS and Mr. Tosic agreed to pay Mr. James $0.75 per mile.

34. Mr. James did not sign a document permitting Defendants to take monies from his compensation for escrow.

35. On July 21, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

36. On July 28, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

37. On August 4, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

38. August 11, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

39. On August 18, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

40. On August 25, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

41. On September 15, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

42. Mr. James did not sign a document permitting Defendants to take monies from his compensation for a failed inspection.

43. On September 22, 2023, $200.00 was deducted from the compensation of Mr. James for escrow.

44. On September 22 ,2023, $250.00 was deducted from the compensation of Mr. James for a failed inspection.

45. Mr. James worked hours for which he was not paid at least minimum wages.

46. Mr. Luginbill began working for Defendants in July 2025.

47. Mr. Luginbill did not sign a document permitting Defendants to take monies from his compensation for escrow.

48. On August 15, 2025, $250.00 was deducted from the compensation of Mr. Luginbill for escrow.

49. Defendants took monies from the compensation of Mr. Luginbill for tolls, trailer rent, insurance, equipment and administrative fees.

50. Mr. Luginbill drove miles for which he was not paid the correct amount.

51. Defendants did not have a good faith reason for taking monies from the compensation of Mr. James for escrow.

52. Defendants did not have a good faith reason for taking monies from the compensation of Mr. Luginbill for escrow.

53. Defendants did not have a good faith reason for taking monies from the compensation of Mr. James for a failed inspection.

54. Defendants did not have a good faith reason for taking monies from the compensation of Mr. James for tolls trailer rent, insurance, equipment and administrative fees.

55. Ms. James quit his employment with Defendants on September 20, 2023.

56. Defendants failed to pay Mr. James his wages that were due and owing on September 29, 2025.

57. Defendants failed to pay Mr. Luginbill his wages that were due and owing on August 8, 2025.

**Count I – Class Action**
**Wage Payment Statute**

58. Plaintiffs incorporate paragraphs 1 through 57 by reference herein.

59. Mr. James and the members of the Class had monies deducted from their compensation for escrow and other reasons not permitted by the Wage Deduction Statute.

60. Mr. James and the members of the Class were not paid all their wages due and owing to them during their employment.

61. Mr. James and the members of the Class have been and continue to be damaged by Defendants' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count II – Alternative Individual Claim**
**Failure to Properly Pay Minimum Wages**
**Pursuant to the FLSA, 29 U.S.C. §201 *et. seq.***

62. Plaintiffs incorporate paragraphs 1 through 61 by reference herein.

63. As an over-the-road truck drivers, Plaintiffs worked in interstate commerce.

64. LFS was/is an employer pursuant to the FLSA.

65. Mr. Tosic was/is an employer pursuant to the FLSA.

66. Mr. Tosic made the decision to not pay minimum wages to the Plaintiffs.

67. Mr. Milivojevic was/is an employer pursuant to the FLSA.

68. Mr. Milivojevic made the decision to not pay minimum wages to the Plaitniffs.

69. Plaintiffs have been damaged by Defendants' violations of the FLSA.

WHEREFORE, Plaintiffs pray that the Court:

A. Enter an award for Plaintiffs for the minimum wages owed to him during the course of his employment with Defendants with interest as permitted by the FLSA.

B. Enter an award for liquidated damages with interest as permitted by the FLSA.

C. Enter an order awarding Plaintiffs all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the FLSA.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count III – Alternative Individual Claim**
**Wage Payment Statute**

70. Plaintiffs incorporate paragraphs 1 through 69 by reference herein.

71. Mr. James was not paid all his wages due and owing to him during his employment.

72. Defendants took illegal deductions from the wages of Mr. James.

73. Mr. James has been damaged by Defendants' violations of the Wage Payment Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count IV – Class Action**
**Wage Deduction Statute**

74. Plaintiffs incorporate paragraphs 1 through 57 by reference herein.

75. Mr. Luginbill and the members of the Class had monies deducted from their compensation for escrow and other reasons not permitted by the Wage Deduction Statute.

76. Mr. Luginbill and the members of the Class have been and continue to be damaged by Defendants' violations of the Wage Deduction Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff and the members of the Class for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff and the members of the Class all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49

**Count V – Alternative Individual Claim**
**Wage Claims Statute**

77. Plaintiff incorporate paragraphs 1 through 76 by reference herein.

78. Mr. Luginbill was not paid all his wages due and owing to him during his employment.

79. Defendants took illegal deductions from the wages of Mr. Luginbill.

80. The wage claim of Mr. Luginbill has been referred to the office of counsel for Plaintiff via letter dated September 29, 2025.

81. Mr. Luginbill has been damaged by Defendants' violations of the Wage Claims Statute.

WHEREFORE, Plaintiff prays that the Court:

A. Enter an award for Plaintiff for the actual wages owed with interest.

B. Enter an award for liquidated damages with interest as permitted by the Wage Payment Statute.

C. Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred in pursuing this claim as permitted by the Wage Payment Statute.

D. Enter an award for such other relief as may be just and appropriate.

## IV. Jury Demand

82. Plaintiff incorporates paragraphs 1 through 81 by reference herein.

83. Plaintiff demands a trial by jury.

Respectfully submitted,

WELDY LAW

*/s/Ronald E. Weldy*
Ronald E. Weldy, #22571-49
Proposed Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via e-mail on this 20th day of October, 2025 to the following:

Slavko Carevic
Slavko@careviclaw.com

*/s/Ronald E. Weldy*

Ronald E. Weldy
Weldy Law
11268 Governors Lane
Fishers, IN 46037
Tel: (317) 289-0483
Fax (317) 288-4013
E-mail: rweldy@weldylegal.com